United States District Court
Southern District of Texas
**ENTERED**
July 01, 2022
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE LAMONT CERF, | § | |
| TDCJ # 01145508, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-1384 |
| | § | |
| M. PARINELLO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Clarence Lamont Cerf, an inmate in the Texas Department of Criminal Justice –Correctional Institutions Division (TDCJ), brings claims against Harris County Sheriff Ed Gonzalez and Detective M. Parinello. Cerf's claims are related to criminal proceedings that resulted in two convictions against him in 2002. Defendant Gonzalez removed this action from state court (Dkt. 1) and filed a motion to dismiss (Dkt. 7). Cerf has filed a response (Dkt. 12) requesting remand, and the motion is ripe for decision. Cerf also has filed a motion to add and locate parties (Dkt. 13). Although Parinello has not appeared in this action, the Court screens Cerf's claims against Parinello under 28 U.S.C. § 1915A(b).

Having reviewed the pleadings, the motion and response, the applicable law, and all matters of record, the Court concludes that Gonzalez's motion to dismiss should be **granted** and that Plaintiff's claims against both defendants should be **dismissed**. Plaintiff's motion to add and locate parties will be **denied**.

## I.    <u>BACKGROUND</u>

Cerf filed this case on March 25, 2022, in the 190th District Court of Harris County with a petition headed "Hate Crime Action" (Dkt. 1-1). He named Gonzalez and Parinello as defendants.  Gonzalez answered and removed the case to this Court on April 29, 2022, invoking the Court's federal question jurisdiction.

Cerf's pleadings invoke the 5th, 8th, and 14th Amendments to the Constitution (Dkt. 1-1, at 7; *see* Dkt. 12, at 13). He states that Detective Parinello was under contract with the "CyFair/Cypress Police Dep]artmen]t" in Harris County and was involved in Cerf's arrest and interrogation in 2002 (Dkt. 1-1, at 2).  He alleges that Parinello violated his rights in connection with two Harris County prosecutions against Cerf:  Case No. 0910599 (aggravated sexual assault) and Case No. 0910600 (aggravated robbery).  *See id*. at 3-4 (alleging that Parinello was biased, engaged in tortious conduct, made improper claims regarding DNA evidence, and was responsible for an inaccurate photo spread). In both cases, the 337th District Court entered judgment against Cerf on December 11, 2002, and sentenced him to 35 years in TDCJ.  *See* Dkt. 7-1 (judgment in Case 0910599); Dkt. 7-2 (judgment in Case 0910600).  Cerf is still serving his sentences in TDCJ.

Cerf also appears to allege that, during his incarceration in TDCJ, he has been subject to interrogation in connection with the crimes for which he was convicted in 2002. He states that the interrogation is "covert," "unusually alarming to the mind," and violates the "chemical weapons ban" (Dkt. 1-1, at 3, 5). He also alleges that he is being tortured in TDCJ.  *See id.* at 6 (alleging that he is being tortured with "rectal-rehydration" and "water-boarding" techniques that that "operatives" can "see through [his] eyes" and "send their

voice talking in [his] head").  He claims that Parinello and the Harris County Sheriff's Department are liable for the alleged incidents (*id*. at 4).

Sheriff Gonzalez seeks dismissal of all claims against him.  After Gonzalez filed his motion to dismiss, Cerf filed a list of interested parties and a motion to add and locate parties (Dkt. 10; Dkt. 13).  He seeks to add two defendants to this suit:  Bryan Collier, the director of TDCJ, and Cris Love, the director of TDCJ's Office of the Inspector General.  He also seeks the Court's assistance in serving Detective Parinello with process, stating that three citations for Parinello have been returned with notations that Parinello has retired and may have moved out of state.  Additionally, Cerf's response (Dkt. 12) seeks remand to state court.

## II.   LEGAL STANDARDS

### A.    The PLRA and *Pro Se* Pleadings

Because the plaintiff is an inmate seeking redress from a government entity, officer, or employee, the Court is required by the Prison Litigation Reform Act (PLRA) to scrutinize the claims and dismiss the complaint at any time, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 42 U.S.C. § 1997e(c).  The Court's screening authority applies to cases removed from state court.  *See Hawthorne v. Cain,* 54 F. App'x 797, 2002 WL 31845746, at *1 (5th Cir. 2002); *Ruston v. Dallas Cnty.*, No. CIV.A.3:07-CV-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008).

A claim is frivolous if it lacks any arguable basis in law or fact.  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).  "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).  Allegations that are "fanciful," "fantastic," and "delusional" qualify as factually frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B). *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*.  Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).  Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke,* 490 U.S. at 327; *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

4 / 14

### B.     Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true.  *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).   Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555 (quoting FED. R. CIV. P. 8(a)(2)).  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *Iqbal*, 556 U.S. at 677–78; *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke,* 490 U.S. at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).   Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief."  *Harrington*, 563 F.3d at 147 (cleaned up).

The court's review under Rule 12(b)(6) is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents

attached to the briefing may be considered by the court if the documents are sufficiently referenced in the complaint and no party questions their authenticity (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004))). The Court may also rely on judicially noticed facts. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

## III.   ANALYSIS

Cerf cites the 5th, 8th, and 14th Amendments to the Constitution (Dkt. 1-1, at 7; Dkt. 12, at 13). His claims regarding his arrest may also implicate the 4th Amendment. These claims confer subject-matter jurisdiction on this Court because they involve a federal question. *See* 28 U.S.C. § 1331; 28 U.S.C. 1441(a). Section 1983, 42 U.S.C. § 1983, provides a vehicle for a civil-rights claim against a person acting "under color of state law," such as a county official, for a constitutional violation. See *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).[1] Cerf also appears to plead tort claims against Parinello.

---

[1]     Cerf protests that he does not wish to bring his case under 42 U.S.C. § 1983 and invokes several other statutes. First, he cites 18 U.S.C. § 229(a) regarding chemical weapons (Dkt. 12, at 5). However, this criminal statute does not confer a private right of action in civil proceedings. *See* 18 U.S.C. § 229D ("*The United States* may obtain in a civil action an injunction . . . ") (emphasis added). Second, he cites the Emmitt Till Act (Dkt. 12, at 5, 8-9), which is an anti-lynching provision codified at 18 U.S.C. § 249(a). However, as above, this criminal provision does not confer a private right of action in civil proceedings. Finally, Cerf cites 28 U.S.C. § 534, which he refers to as a "hate crime" act (*id*. at 14). 28 U.S.C. § 534 is a provision authorizing the Attorney General of the United States to, among other things, collect and preserve criminal records and to exchange the records with other officials. Because none of Cerf's cited statutes provide for this Court's review of his constitutional claims in a civil action, the Court proceeds under § 1983.

A.   *Heck*-Barred Claims

Cerf states that his claims against Gonzalez and Parinello are related to his convictions in Harris County for aggravated sexual assault and aggravated robbery (Dkt. 1-1, at 3).  Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 claim for damages that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated.  To prevail based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil-rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254."  *Id.* at 486-87.  If a judgment in favor of a civil-rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.* at 487; *see Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000).  The Supreme Court has unequivocally stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis removed).

To the extent Cerf brings claims under § 1983 that challenge his prosecution or incarceration for the crimes of which he was convicted in 2002, his claims are barred under *Heck*. Because a finding in Cerf's favor on such claims would necessarily imply that he is unlawfully confined, he would be entitled to proceed with the claim only if the judgment against him previously has been reversed or otherwise declared invalid. Public court records do not reflect, and Cerf does not claim, that his sentences have been invalidated or otherwise set aside. To the contrary, he is incarcerated in TDCJ based on the convictions he references. The rule in *Heck* therefore precludes his claims for relief. *See Wilkinson*, 544 U.S. at 81-82; *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc). Cerf's civil-rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his claim for injunctive and declaratory relief must be dismissed without prejudice. *Id.* at 191; *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). His claims for damages must be dismissed with prejudice to being asserted again until the *Heck* conditions are met. *See id.* (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### B.     Claims against Sheriff Gonzalez

To the extent Cerf brings claims that would not imply that his convictions or sentences are invalid, and thus are not barred under *Heck*, his claims against Gonzalez must be dismissed on other grounds.

### 1.      Official Capacity Claims

Under § 1983, a person may sue a municipality that violates his or her constitutional rights "under color of" law.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A claim against an official in his or her official capacity is "tantamount to a suit against the municipal entity." *Id.*  To establish municipal liability under *Monell*, "a plaintiff must show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy." *Valle v. City of Hous.*, 613 F.3d 536, 541 (5th Cir. 2010) (cleaned up). Specifically, a plaintiff must identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up).

Cerf fails to state a claim against Gonzalez in his official capacity because he does not plead any facts regarding an official policy or custom of Harris County that allegedly caused a violation of his rights. *See Iqbal*, 56 U.S. at 677-78.  Gonzalez's motion to dismiss any official capacity claims against him therefore will be granted.

### 2.      Individual Capacity Claims

To the extent Cerf brings claims against Sheriff Gonzalez in his individual capacity, the claims must be dismissed for several reasons.

First, Cerf fails to plead any specific facts about Gonzalez or his personal involvement in the alleged violations of Cerf's rights.  Rather, he alleges specific facts

against Parinello and merely states that Gonzalez is Harris County Sheriff (Dkt. 1-1, at 2-4).  This is insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 677–78.

Second, to the extent Cerf sues Gonzalez based solely on his supervisory position with Harris County, § 1983 does not permit *respondent superior* liability.  *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) ("[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983").  Additionally, Cerf fails to plead deliberate indifference by Gonzalez or other facts that would be essential to a failure-to-supervise claim. *See Westfall v. Luna*, 903 F.3d 534, 552 (5th Cir. 2018) (a failure-to-supervise or failure-to-train claim requires a showing of deliberate indifference by the supervisor); *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (a plaintiff seeking to establish "supervisor liability for constitutional violations committed by subordinate employees . . . must show that the supervisor acted, or failed to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates" (cleaned up) (emphasis original).

Finally, the Court notes that, when Cerf was investigated and prosecuted in 2002, Gonzalez was not sheriff of Harris County.  *See* A History of HSCO Sheriffs, Harris County Sheriff's Office, available at https://www.harriscountyso.org/AboutUs/HCSO_History (last visited June 30, 2022). Although Gonzalez currently is sheriff, Cerf is now in the custody of TDCJ, not the Harris County Sheriff's Office.

### C.    <u>Claims against Detective Parinello</u>

Parinello has not appeared in this action. Cerf states that his attempts to serve Parinello with process have been unsuccessful and requests the Court's assistance with service.  The Court reviews Cerf's claims against Parinello under the PLRA, which requires the Court to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).[2]

Cerf's claims against Parinello appear to pertain exclusively to Parinello's involvement in the investigation, interrogation, and prosecution of Cerf in 2002 for aggravated sexual assault and aggravated robbery.  *See*, *e.g.*, Dkt. 1-1, at 4 (alleging Parinello was biased and engaged in "tortious conduct" in connection with DNA evidence and a photo spread); Dkt. 12, at 12 (alleging Parinello acted improperly in connection with blood semen samples, a confession, and a photo spread).  Because a finding in Cerf's favor on such claims would necessarily imply that he is unlawfully confined, and because his sentences have not been invalidated or otherwise set aside, his civil rights claims against Parinello are barred by *Heck* for the reasons explained above.  Any claim against Parinello for injunctive and declaratory relief must be dismissed without prejudice.  His claims for damages must be dismissed with prejudice to being asserted again until the *Heck* conditions are met.  *See Clarke*, 154 F.3d 191; *Johnson*, 101 F.3d at 424.

---

[2]     The Court may exercise supplemental jurisdiction over Cerf's state-law claims against Parinello because the claims are part of the same case or controversy that form the basis of his constitutional claims.  *See* 28 U.S.C. § 1367(a).  Cerf alleges tortious conduct by Parinello during the 2002 investigation and may additionally allege negligence.

To the extent Cerf brings claims against Parinello regarding his allegations that he recently has been tortured or monitored during his incarceration in TDCJ, his claims also fail. Cerf does not sufficiently plead allegations regarding Parinello's personal involvement in the alleged wrongdoing to state a claim under a valid legal theory that is plausible on its face. *See Iqbal*, 556 U.S. at 677-78; *Neitzke,* 490 U.S. at 327; *Denton*, 504 U.S. at 32-33; *Geiger*, 404 F.3d at 373. Cerf pleads no facts suggesting that Parinello has authority over or involvement in Cerf's current incarceration in TDCJ and, moreover, states that Parinello apparently has retired from his detective position in Harris County and left the state.

Cerf's claims against Parinello therefore will be dismissed under 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim on which relief can be granted.

### D.    Cerf's Other Motions

Cerf's request to remand this case to state court (Dkt. 12) will be denied under 28 U.S.C. § 1447(c) because the request is untimely and because, as stated above, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

Cerf's request for default judgment against Parinello (Dkt. 13) will be denied. Because Parinello has not been served with process, he is not in default.

Cerf moves to add TDCJ officials Collier and Love as defendants (Dkt. 13), seeking to bring claims against Collier for "unlawful acts" connected to the "chemical interrogation" placed in his blood and against Love for negligence in connection with Cerf's grievances (Dkt. 13, at 2). Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). A court must have a

"substantial reason" to deny a request for leave to amend.  *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016).  Leave to amend is not automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court."  *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012) (cleaned up).  A district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466-67 (5th Cir. 2012) (cleaned up). "Futility" in the context of a Rule 15 motion to amend means that the proposed amended complaint would fail to state a claim upon which relief could be granted.  *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Cerf brought his motion for leave to amend after Gonzalez filed his motion to dismiss.  As stated above, all of Cerf's original claims have been dismissed.  His proposed claims against Collier appear futile for the reasons stated above regarding supervisory authority.  *See Westfall*, 903 F.3d at 552; *Porter*, 659 F.3d at 446; *Rios*, 444 F.3d at 425. His proposed claims against Love appear futile because an inmate does not have a due-process right to have grievances resolved to his satisfaction.  *See Geiger*, 404 F.3d at 373-74.  Given Cerf's delay in bringing claims against new defendants and their futility in stating a federal claim, the Court in its discretion denies leave to amend.

## IV.   **CONCLUSION**

For the reasons stated above the Court now **ORDERS** as follows:

1.      Gonzalez's motion to dismiss (Dkt. 7) is **GRANTED**.  Cerf's claims for injunctive or declaratory relief against Gonzalez that are barred by *Heck* are dismissed without prejudice. His claims for damages against Gonzalez that are barred by *Heck* are dismissed with prejudice to being asserted again until the *Heck* conditions are met.  In all other respects, Cerf's claims against Gonzalez are **DISMISSED with prejudice** under Rule 12(b)(6).

2.      Cerf's claims for injunctive or declaratory relief against Parinello that are barred by *Heck* are dismissed without prejudice. His claims for damages against Parinello that are barred by *Heck* are dismissed with prejudice to being asserted again until the *Heck* conditions are met.  In all other respects, Cerf's claims against Parinello are **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim on which relief may be granted.

3.      Cerf's motion to remand (Dkt. 12) is **DENIED.**

4.      Cerf's motion to add or locate parties (Dkt. 13) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ July 1 _____, 2022.

*George C. Hanks Jr*
_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE